March 4, 1912.

————o————

## 5505.

(Court of Appeal, Parish of Orleans.)

## MORRIS BUILDING & LAND IMPROVEMENT ASSOCIATION vs. VIKOL MINING COMPANY.

An office or apartment leased exclusively to one person forms no part of the premises leased to another, even though situated in the same building.

Appeal from the Civil District Court, Division "E."

James Legendre, for plaintiff and appellant.

Teissier & Teissier, for defendant and appellee.

ST. PAUL, J.—Plaintiff sued defendant for rent and seized certain property belonging to Carriere and Heazlit, who opposed the seizure claiming that said property was not liable for the rent, because it had been removed from the leased premises before the seizure.

The facts are that plaintiff owns an office building and had leased an office therein to defendant. The property was in defendant's office until the day before the seizure, but was on that day removed to an adjoining office in the same building leased to and occupied by still another party.

During the same evening plaintiff caused the property to be carried back to defendant's office, where it was seized the next day. This was without opponent's consent.

As the property of third persons is liable to seizure for rent only in so far as it is in the leased premises with their consent, it follows that plaintiff can derive no advantage from the fact that the property was reconveyed into the office of defendant without the consent of opponents.

The question therefore arises whether or not the property was liable to seizure because it had never been removed at any time from the leased premises, or because it was still contained in the "house," as contended for by plaintiff.

We think that the word "house" in C. C. 2707 and the words "house or apartment" in C. C. 2705, are synonymous with the words **"property leased"** in the first paragraph of the article last mentioned. In other words the Code intends that the property of third persons should be liable to seizure for the rent only so long as it remains in the **leased premises.**

In the case at bar we are not dealing with the question whether or not the corridors, elevators and passages of an office building do or do not form part of the leased premises. But it is clear that an office or apartment leased exclusively to one person forms no part of the

premises leased to another, even though situated in the same building.

There was some question involved as to an agreement on the part of opponents not to remove their property from defendant's office if time were given. But the district Judge reached the conclusion that there was some misunderstanding about this, and therefore disregarded it. His conclusions of fact in this respect are not to be disturbed lightly, and we accept them.

Judgment affirmed.

March 4th, 1912.

Rehearing refused, April 1st, 1912.

May 6th, 1912, decree Supreme Court, writ denied.